**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD W. MALLARDI, | ) | CASE NO. 5:23-CV-1364 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**I. Introduction**

This matter is before the Court on the Report and Recommendation (R&R) of Magistrate Judge Reuben J. Shepperd. (R. 12). The R&R recommends that the 2023 decision of Defendant Commissioner denying Plaintiff Richard W. Millardi's 2019 applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) be affirmed. Plaintiff has timely filed objections (R. 13), to which Defendant has responded. R. 14.

For the following reasons, the Court overrules the Plaintiff's objections, ADOPTS the Report and Recommendation and thereby AFFIRMS the underlying decision of the Commissioner.

## II. Standard of Review

The applicable standard of review of a magistrate judge's report and recommendation provides that when objections are made to such a report and recommendation, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections*. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

## III. Objections

Plaintiff raises two objections:

(1) The R&R erred in finding that the ALJ properly evaluated the relevant medical source opinions; and

(2) The R&R erred in concluding that the ALJ's failure to find that Plaintiff has any physical impairments was harmless error. R. 13, Page ID#: 1413, 1415-16.

In the first objection, Plaintiff contends that, contrary to the findings of the R&R, ALJ principally erred in analyzing the opinion of a nurse practitioner who had opined that Plaintiff would be absent from work four days per week. *Id*., Page ID#: 1414. Plaintiff maintains that the R&R cited just three treatment notes from a treatment period of "many years" to support the finding that the functional opinion was not supported by and/or inconsistent with the evidence, while not mentioning more recent evidence that Plaintiff had difficulty working with others and increased irritability, along with multiple suicide attempts and continuing symptoms of cognitive impairment. *Id.*

Plaintiff's second objection is that while the R&R "acknowledges that the ALJ erred when she failed to articulate her consideration of Plaintiff's physical symptoms," the R&R incorrectly

2

assessed this to be harmless. *Id.*, Page ID#: 1415. Plaintiff argues that physical limitations would definitely alter any final disability determination given both his age (55) and his inability to perform his past relevant work as a broadcaster and producer, even at sedentary or light levels. *Id.*

The Commissioner's single page response (R. 14) contends that the R&R, after thoroughly discussing the record, correctly applied the law and found the ALJ's decision to be supported by substantial evidence. *Id.*, Page ID#: 1418.

### IV. Analysis

As to the first objection concerning the analysis of medical source opinions, it must be noted at the outset that although Plaintiff frames this objection as generally pertaining to all medical source opinions, the objection as developed addresses only the opinion of a nurse practitioner. The R&R itself, however, separately analyzes the ALJ's assessment of three individual treating medical sources, as well as two reviewing state agency psychologists. R. 12, Page ID#: 1407-1410. Moreover, the R&R precedes its analysis with a detailed review of the applicable law and by noting that Plaintiff had argued that the ALJ's error here had involved all three individual medical sources and the two reviewing sources. *Id.* Page ID#: 1405-1407.

Despite Plaintiff's brief attempt here to suggest that the R&R might have utilized an incorrect legal standard in its evaluation (R. 13, Page ID#: 1413), an examination of the previously cited portion of the R&R that concerns this topic shows that the R&R both thoroughly and correctly set forth the pertinent law. Further, despite wording the current objection to include all medical opinions as being at issue, whatever concerns Plaintiff might have previously had with how the ALJ addressed the opinions of Dr. Podrygula and Dr. Dubey, and the two state agency psychologists, have not been brought into this objection, which, as noted, only details arguments related to the opinion of nurse practitioner Barnett.

Thus, the Court finds no merit in the generally stated contention that the R&R utilized an incorrect legal standard and considers any prior objection to the ALJ's analysis of the opinions from Dr. Podrygula and Dr. Dubey, as well as the two state agency psychologists, waived.

Turning now to the opinion of nurse practitioner Barnett, the R&R quoted the complete analysis of that opinion by the ALJ, highlighting the fact that the ALJ explicitly observed that this opinion was supported only by the time NP Barnett spent with the Plaintiff, as well as some descriptions of Plaintiff's symptoms. R. 12, Page ID#: 1407. The ALJ found that these bases provide "no evidentiary support for the finding that the claimant will be absent from work four days per week." *Id*. Moreover, the ALJ noted that NP Barnett's opinion was inconsistent with other opinion evidence of claimant's functioning, including out of state travel and many counseling notes "indicating that the claimant has no serious complications in memory, concentration and attention span." *Id.*

In addition, when considering supportability and consistency with other evidence, NP Barnett's opinion is not supported by and is inconsistent with the opinions of the two state agency psychological consultants who opined that Plaintiff could perform simple routine tasks, could make simple decisions in a setting without strict production standards and adapt to settings where day to day duties are predictable*. Id*. As such, this too provides additional grounds for the ALJ's conclusion that NP Barnett's opinion lacked supportability in and consistency with the record.

In sum, the first of Plaintiff's objections is overruled for the reasons stated.

Next, a review of the R&R shows that it examined on some detail the objection that it was harmless error for the ALJ to not find any physical limitations at Step Two and to not include any physical limitations in the residual functional capacity (RFC) finding.

4

First, the way this objection was initially presented to the Magistrate Judge was as both a failure at Step Two and also as a failure when fashioning the RFC. *See, id.*, Page ID#: 1401. As was the case with the prior objection considered above, the objection as presented here makes no reference to a Step Two error, which is therefore considered waived.

As to the second objection itself, the R&R found that the ALJ erred in failing to articulate why Plaintiff's physical impairments, if any, did not result in any physical limitation in the RFC, but the R&R then clearly explained why this was harmless error. The R&R noted first that Plaintiff has the burden of demonstrating that he has any physical impairments, either individually or in combination with mental health impairments, that are severe enough to interfere with his ability to work. *Id.*, Page ID#: 1403.

The R&R reasonably concluded that Plaintiff's own self-submitted functional report dated September 30, 2019 fails to disclose any physical impairment, and in response to a question as to what conditions limit his ability to work, Plaintiff names only mental limitations. *Id.*, Page ID#: 1404. Similarly, when asked to check any box describing a work-related limitation, Plaintiff only checked boxes for mental health limitations, leaving all boxes empty for physical limitations. *Id.* Likewise, as the R&R also observes, none of Plaintiff's mental health providers noted any physical limitations in their notation of symptoms, and there is otherwise no other record evidence for diagnoses or treatment of any physical condition, except for a diagnosis of moderate kidney disease, for which the recommendation was to avoid alcohol, and a pre-clearance for rotator cuff repair, which apparently was never done. *Id.*

On this record, the Court finds no merit to the objection that the R&R erred by finding that the ALJ's failure to consider physical limitations in the RFC was harmless error.

## V. Conclusion

The Court has carefully reviewed the Report and Recommendation in light of the Plaintiff's Objections and hereby overrules those Objections, so adopting the Magistrate Judge's Report and Recommendation (R. 12). The Commissioner's underlying decision is hereby AFFIRMED.

IT IS SO ORDERED.

                                                  s/ *David A. Ruiz*
                                                  David A. Ruiz
                                                  United States District Judge

Date: September 24, 2024